Filed 11/10/25  P. v. Aguilar CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G064113 |
| v. | (Super. Ct. No. 08NF2632) |
| ANDREW AGUILAR, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Lewis W. Clapp, Judge. Affirmed.

James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene A.

Servidal and Melissa Mandel, Deputy Attorneys General, for Plaintiff and Respondent.

*  *  *

After a jury convicted Andrew Aguilar of, among other crimes, attempted murder and found true a related firearm enhancement, he was sentenced on the attempted murder conviction to life with a minimum parole eligibility term of 15 years, plus 20 years for the firearm enhancement. Following his direct appeal, a panel of this court ordered the abstract of judgment modified to state the applicable sentence was "life with a 15-year minimum parole eligibility date, plus 20 years to life." Thereafter, Aguilar filed a motion seeking resentencing, arguing the sentence on the firearm enhancement was unauthorized. The trial court denied the resentencing motion, but corrected the abstract of judgment to reflect a sentence of 20 years for the firearm enhancement. Aguilar appealed. As discussed below, we conclude the trial court could correct the abstract of judgment without triggering resentencing. Therefore, we affirm the postjudgment order.

STATEMENT OF THE CASE

On March 2, 2011, a jury found Aguilar guilty of premeditated attempted murder, and found true that he personally discharged a firearm during the commission of the attempted murder and that the crime was committed for the benefit of a criminal street gang. The jury further found Aguilar guilty of two counts of street terrorism and one count of carrying a loaded unregistered firearm in public.

On June 3, 2011, the trial court imposed a 15 years to life sentence for the attempted murder conviction, and 20 years for the firearm enhancement. It imposed a concurrent 2 year middle term for the carrying a

2

loaded unregistered firearm in public offense, and stayed sentencing on the street terrorism offenses.

Following Aguilar's direct appeal of his sentence, on August 22, 2012, a panel of this court affirmed "the sentence as pronounced." (*People v. Aguilar* (G045345, Aug. 22, 2012) [nonpub. opn.] (*Aguilar*).) **.**) As relevant to this appeal, the opinion stated the following:

"[T]he trial court orally pronounced Aguilar's sentence as follows: '[A] term of 15 years minimum to life, [¶] And then, consecutive to that, the defendant is sentenced to 20 years for the firearm allegation. . . . So, the defendant is . . . sentenced to a life term with a minimum of 35 years.' The abstract of judgment mirrors the oral pronouncement, sentencing Aguilar to 15 years to life plus enhancement time of 20 years. Finally, the minute order also reflects a sentence of 15 years to life with a consecutive 20-year term for the firearm enhancement.

"How to characterize the sentence has not been decided by our Supreme Court. But we believe that the technically correct way to state Aguilar's sentence is life with a minimum parole eligibility term of 15 years, plus 20 years. It is unclear how the shorthand reference in the abstract of judgment to the term as 35 years to life in state prison prejudices Aguilar. Nevertheless, we will order the abstract of judgment to be modified to reflect Aguilar's sentence [to] what we have technically stated here." (*Aguilar, supra,* G045345.)

However, in the disposition, the opinion stated: "The abstract of judgment is modified to reflect that Aguilar's sentence on count 1 [the attempted murder] is life with a 15-year minimum parole eligibility date, plus 20 years to life." (*Aguilar, supra,* G045345.)  Following remittitur, the

trial court amended the abstract of judgement to reflect a sentence on count 1 of "Life with a 15-year minimum parole eligibility date, plus 20 years to life."

On February 23, 2024, Aguilar filed a motion requesting resentencing of his 20-years-to-life sentence on the firearm enhancement. He argued it is an unauthorized sentence because the statutorily-prescribed punishment is 20 years, not 20 years to life. He further argued the superior court has jurisdiction to strike an unauthorized sentence at any time. Finally, at the resentencing, he would be entitled to the prospective application of any recent ameliorative resentencing laws.

The district attorney opposed the request for resentencing. He argued the sentencing error was a clerical error, not a judicial error. Thus, the district attorney asserted the court could correct the error without triggering full resentencing.

On April 12, 2024, the trial court denied resentencing, but corrected the abstract of judgment to reflect the sentence on the firearm enhancement is 20 years, not 20 years to life.

Aguilar timely appealed.

DISCUSSION

"Under the general common law rule, a trial court is deprived of jurisdiction to resentence a criminal defendant once execution of the sentence has commenced." (*People v. Karaman* (1992) 4 Cal.4th 335, 344.) Additionally, subject to certain exceptions, "once a judgment is rendered, . . . the sentencing court is without jurisdiction to vacate or modify the sentence." (*People v. Hernandez* (2019) 34 Cal.App.5th 323, 326.)

Important exceptions to this common rule concerning the trial court's jurisdiction include: (1) recall and resentencing provisions set forth in specific statutes, (2) petitions for habeas corpus challenging unlawful

4

sentences, (3) the court's inherent power to correct clerical errors, and, in some cases, (4) the unauthorized sentence doctrine. (*People v. King* (2022) 77 Cal.App.5th 629, 637.)

As to correcting clerical errors, "[i]t is not open to question that a court has the inherent power to correct clerical errors in its records so as to make these records reflect the true facts. [Citations.] The power exists independently of statute and may be exercised in criminal as well as in civil cases. [Citation.] The power is unaffected by the pendency of an appeal or a habeas corpus proceeding. [Citation.] The court may correct such errors on its own motion or upon the application of the parties." (*In re Candelario* (1970) 3 Cal.3d 702, 705 (*Candelario*).)

"Clerical error, however, is to be distinguished from judicial error which cannot be corrected by amendment. The distinction between clerical error and judicial error is 'whether the error was made in rendering the judgment, or in recording the judgment rendered.'" (*Candelario*, *supra*, 3 Cal.3d at p. 705.) "If the error is in rendering judgment, then it is judicial error." (*People v. Boyd* (2024) 103 Cal.App.5th 56, 63.) For judicial errors, the appellate courts are split on whether the trial court has jurisdiction under the unauthorized sentence doctrine to correct such errors. (Compare *Boyd*, at p. 68 ["We are unaware of any controlling authority holding that trial courts possess inherent jurisdiction to correct unauthorized sentences where cases are final"] with *People v. Codinha* (2023) 92 Cal.App.5th 976, 990, fn. omitted. ["A trial court that imposes a sentence unauthorized by law retains jurisdiction (or has inherent power) to correct the sentence at any time the error comes to its attention, even if execution of the sentence has commenced or the judgment imposing the sentence has become final and correction

5

requires imposition of a more severe sentence, provided the error is apparent from the face of the record"].)

Here, the parties agree the sentence of 20 years to life on the firearm enhancement was erroneous. However, they dispute whether the sentencing error was a clerical error or a judicial error. After reviewing the record, we conclude the sentencing error was a clerical error.

As stated in our court's prior opinion in this matter, the sentence as pronounced was correct. (See *Aguilar, supra,* G045345[affirming "the sentence as pronounced"].) The trial court sentenced Aguilar to 20 years on the firearm enhancement consecutive to his sentence of 15 years to life for the attempted murder conviction. The prior opinion, however, noted the abstract of judgment had a shorthand reference to the sentence as 35 years to life, which created an ambiguity concerning whether the sentence on the enhancement was 20 years or 20 years to life. The opinion further stated the correct way to record the orally pronounced sentence was life with a 15-year minimum parole eligibility date, plus 20 years. Unfortunately, in the disposition, the superior court was ordered to modify the abstract of judgment to "life with a 15-year minimum parole eligibility date, plus 20 years to life." Subsequently, the trial court amended the abstract of judgment in conformity with the remittitur order. (See *People v. Dutra* (2006) 145 Cal.App.4th 1359, 1367 ["Therefore, whether the trial court believed our decision was right or wrong, or had been impaired by subsequent decisions, it was bound to follow the remittitur"].)

The amended abstract of judgment, however, did not reflect the orally pronounced sentence. Thus, the trial court had jurisdiction to correct the abstract of judgment. (See *People v. Mitchell* (2001) 26 Cal.4th 181, 185 ["Courts may correct clerical errors at any time."].) That is what occurred

6

here. The correction of the clerical error, however, did not constitute a resentencing. "The court did not change [Aguilar's] sentence whatsoever. Instead, the court essentially reiterated [his] original sentence, making it plain how it should appear on the amended abstract of judgment." (*People v. Humphrey* (2020) 44 Cal.App.5th 371, 380 [affirming trial court's denial of motion for resentencing].) Because there was no resentencing, Aguilar was not entitled to the benefits of the full resentencing rule, including prospective application of ameliorate sentencing laws.

DISPOSITION

The postjudgment order denying resentencing is affirmed.

DELANEY, ACTING P.J.

WE CONCUR:

SCOTT, J.

BANCROFT, J.*

* Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.